# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08cv552

| | |
|---|---|
| IKON OFFICE SOLUTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JOHN H. MILNER; and SHARP ) | |
| BUSINESS SYSTEMS-CAROLINAS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on a proposed "Stipulated Protective Order" which was sent to the court via electronic mail to the Clerk of this court. Such proposed Order is not accompanied by a motion.

As provided in Rule 7(b)(1), Federal Rules of Civil Procedure, and reflected in Local Civil Rule 7.1(A), an application to the court for an Order or other relief must be made in the form of a written motion. The court adheres to these rules because the requirement of filing a motion insures that the court reaches the issue, inasmuch as there is no provision for CM/ECF to track freestanding proposed Orders. This is especially true where, as here, the proposed Order itself was submitted to the wrong office. In the context of Protective Orders, the requirement of a motion further serves the public interest in assuring that Orders which limit public review are based on good and adequate cause.

With those concerns in mind, the court will strike the "Stipulated Protective Order" as improvidently submitted, and instruct the parties to file a joint or consent Motion for Protective Order, therein showing good and adequate cause for the relief

sought. Counsel may <u>attach</u> the proposed Consent Protective Order as attachment to the motion or they may <u>submit</u> it to the court through <u>CyberClerk</u>, or both.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the "Stipulated Protective Order" is **STRICKEN** as improvidently submitted.

```
                              Signed: April 22, 2009
```

Dennis L. Howell
United States Magistrate Judge